The Act of Assembly passed in 1741, sec. 47 of ch. xxiv, makes the consulting, the advising, the conspiring to rebel, to make insurrection, the plotting or conspiring of three or more slaves to murder any person or persons whatsoever, to be felony, and on conviction to suffer death. Sec. 48 of same chapter directs the manner in which every slave committing such offense, or any other crime or misdemeanor, shall be tried, and what evidence shall be admissible, and directs the three justices and the four freeholders, on the slave or slaves being found guilty, "to pass such judgment on such offender, according to their discretion, as the nature of the crime or offense shall require, and on such judgment to award execution." The offense found by the jury in this case is an attempt to poison; therefore the offense does not come under the description of any of those offenses enacted by the 47th section; had the act stopped here, she must have been acquitted. But section 48 empowers the three justices and four freeholders to try her for any other crime or misdemeanor, and to pass such judgment, according to their discretion, as the nature of the offense may require.
Crimes and misdemeanors were offenses known by the law at the time of passing this act, and the punishment also known and established. The offense found against Sue is an attempt to poison; if the same offense was committed by a free person, it could not be punished with death — it is only a misdemeanor of an aggravated nature, and could be punished with fine, imprisonment, and other corporal punishment; no judgment of death could be given. The punishment of this particular offense was known when the act passed; the act has made no alteration in the punishment, it was then discretionary with the Court. It never was conceived that the Court could give judgment of death for this offense; they could fine, imprison, or inflict other corporal (284) punishment as had been established by common usage. The discretion given by the Act of Assembly is a legal discretion, not the power of altering punishments, or affixing to any offense a punishment unknown to the law. This would be for the Court to legislate, not to adjudicate, a power unknown to any of the Courts of this State. The justices of the county court have pronounced a judgment different from the nature of the offense, which the jury have found against the prisoner; their *Page 241 
discretion only extends to increasing or diminishing the punishment. Let the judgment pronounced by the said justices against the prisoner be reversed, and the prisoner be remanded to said justices to receive such judgment as the laws and Constitution of this State will warrant.
Cited: State v. Lawrence, 81 N.C. 525.
NOTE. — The section of the Act of 1741, under which the question in this case arose, was superseded by later provisions. See 1 Rev. Stat., ch. 111.